Logan D. Smith (*Pro Hac Vice*)
lsmith@mcnamarallp.com
Edward Chang (NV 11783)
echang@mcnamarallp.com
MCNAMARA SMITH LLP
655 West Broadway, Suite 1600
San Diego, California 92101
Tel.:   619-269-0400
Fax:   619-269-0401

Michael F. Lynch (NV 8555)
Michael@LynchLawPractice.com
LYNCH LAW PRACTICE, PLLC
3613 S. Eastern Ave.
Las Vegas, Nevada 89169
Tel.:   702-684-6000
Fax:   702-543-3279

*Attorneys for Court-Appointed Monitor,
Thomas W. McNamara*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS W. MCNAMARA, as the Court-Appointed Monitor for AMG Capital Management, LLC; BA Services LLC; Black Creek Capital Corporation; Broadmoor Capital Partners, LLC; Park 269, LLC; C5 Capital LLC; DF Services Corp.; DFTW Consolidated [UC] LLC; Impact BP LLC; Level 5 Apparel LLC; Level 5 Capital Partners LLC; Level 5 Eyewear LLC; Level 5 Motorsports, LLC; Level 5 Scientific LLC; NM Service Corp. (f/k/a/ National Money Service); PSB Services LLC; Real Estate Capital LLC (f/k/a/ Rehab Capital I, LLC); Sentient Technologies; ST Capital LLC; Westfund LLC; Eclipse Renewables Holdings LLC; Scott Tucker Declaration of Trust, dated February 20, 2015; West Race Cars, LLC; and Level 5 Management LLC; and their successors, assigns, affiliates, and subsidiaries,<br><br>  Plaintiff,<br>v.<br><br>CHARLES M. HALLINAN, an individual; HALLINAN CAPITAL CORP., a Delaware corporation; DOES I-X; and ROE CORPORATIONS I-X,<br><br>  Defendants. | Case No. 2:17-cv-02966-KJD-NJK<br><br>**STIPULATION AND ORDER TO AMEND THE DISCOVERY PLAN AND SCHEDULING ORDER**<br>**(First Request)** |

This is the first stipulation for an extension to the dates and deadlines set forth in the discovery plan and scheduling order (ECF No. 32).[1] The earliest deadline set forth in the current Scheduling Order is the discovery cutoff date of September 28, 2018. *Id*. at ¶¶ 4(a), 5. Accordingly, this stipulation is timely in the sense it is brought well before the 21-day rule set forth in LR 26-4. Counsel for Plaintiff has requested an extension of the current discovery scheduling order. The parties have met and conferred to discuss Plaintiff's request, and pursuant to those discussions, the Defendants do not oppose the following.

Pursuant to Fed. R. Civ. P. 16(b)(4), LR IA 6-1, LR IA 6-2, and LR 26-4, Plaintiff Thomas W. McNamara, in his capacity as the Court-appointed Monitor in *Federal Trade Commission v. AMG Services, Inc., et al.*, District of Nevada, Case No. 2:12-cv-00536-GMN-VCF, and Defendants Charles M. Hallinan and Hallinan Capital Corp., stipulate and agree, subject to the Court's approval, to extend certain dates included in the Court's Scheduling Order regarding this case's discovery plan. Good cause exists to approve this stipulation, as explained below:

A. <u>Completed Discovery</u>

The following discovery has occurred:

Plaintiff has served Defendants with the following items:

1. Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1);
2. First Set of Interrogatories;
3. First Set of Requests for Production of Documents; and
4. Rule 30(b)(6) deposition notice on Defendant Hallinan Capital Corp.

Plaintiff intends to serve his First Set of Requests for Admission in the near future. Plaintiff also intends to take the depositions of three incarcerated individuals as soon as practicable: Scott Tucker, Timothy Muir, and Defendant Charles Hallinan.[2]

---

[1] The term "LR" means and refers to the Local Rules of Civil Practice for the United States District Court for the District of Nevada. All references to "ECF No. __" are to the numbers assigned to the documents as they appear on the particular case docket maintained by the clerk of the court.

[2] On July 27, 2018, this Court denied without prejudice Plaintiff's Motion for Leave to Depose Incarcerated Individuals Scott Tucker, Timothy Muir, and Charles Hallinan. *See* ECF No. 36. Plaintiff intends to correct the deficiencies identified by the Court and refile the motion.

1

Defendants have served Plaintiff with the following items:

1. Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1);
2. Responses to Plaintiff's First Set of Interrogatories; and
3. Responses to Plaintiff's First Set of Requests for Production.

Defendants intend to serve requests for the production of documents and interrogatories in the near future. The parties are currently in the process of scheduling Plaintiff's depositions of Scott Tucker, Timothy Muir and Charles Hallinan.

On May 7 and 10, 2018, Plaintiff served written discovery on Defendants (both Requests for Production of Documents and Interrogatories). After receiving Defendants' responses on June 15 and 22, 2018, Plaintiff drafted a letter dated July 16, 2018 identifying what he perceived as deficiencies in Defendants' responses and sought to meet and confer during that week. Defendants' counsel requested additional time to respond to the issues raised, and ultimately, the parties held a meet-and-confer telephone conference on July 27, 2018. The parties discussed the limited amount of documents Defendants have in their possession, custody and control and whether any of Plaintiff's discovery requests could be narrowed to accommodate both parties' needs and interests. The conversation was productive, and the parties agreed to narrow certain requests. The parties continue to negotiate in good faith in an attempt to resolve all issues relating to the discovery requests, but unfortunately, there may be some areas of disagreement that could ultimately require court resolution.

B. <u>Incomplete Discovery</u>

The parties have begun written discovery; however, the process has taken longer than expected. Defendants have conducted a meaningful search for responsive documents in their possession, custody and control in response to Plaintiff's first set of document requests; they intend to produce what responsive documents they have in the near future. Defendants intend to serve requests for production of documents and interrogatories soon. Thus, both sides are continuing to search for and produce documents. Additionally, the parties are in the process of scheduling the depositions of Mr. Tucker, Mr. Muir and Mr. Hallinan. Third, the parties expect that expert testimony will assist the trier-of-fact in rendering a judgment or verdict. Both

parties intend to engage in expert discovery after fact discovery has been completed.

C. <u>Reasons to Extend Discovery Deadlines</u>

Plaintiff desires additional time to produce and review documents and depose witnesses. Part of that effort will involve coordinating the depositions of inmates with the facilities in which they are held, all of which are in different states. Once fact discovery has been completed, each party's expert(s) will need time to review the documents and testimony.

As noted above, Plaintiff expects that discovery in this case may involve some limited motion practice. Specifically, while the parties plan to continue to meet and confer regarding most of their differences, and hope to resolve these issues, Plaintiff has identified some issues that may need to be resolved by the Court, and Plaintiff anticipates it may be necessary to file a motion to compel production of certain limited categories of documents and interrogatory responses. The need for the Court to resolve these issues is one of the reasons for this request, as Plaintiff would like to receive document productions and interrogatory responses prior to taking certain depositions.

Discovery has been, and will continue to be, complicated by Defendant Hallinan's incarceration. Defendant Hallinan, in addition to litigating this case, is appealing his criminal conviction and has just recently reported to prison. Furthermore, counsel for Defendant Hallinan has informed Plaintiff that the person most knowledgeable for the Rule 30(b)(6) deposition of Defendant Hallinan Capital Corp. is Defendant Hallinan himself, further complicating the situation. Plaintiff believes that it will take time to work through the logistics of these discovery issues, including scheduling and conducting depositions of the Defendants.

D. <u>Proposed Schedule for Completing All Remaining Discovery</u>

Plaintiff seeks to amend the Scheduling Order to extend each deadline as follows:

|    |                          | **Current Date**     | **Proposed New Date** |
|----|--------------------------|----------------------|-----------------------|
| 1. | **Fact discovery cut-off**   | September 28, 2018   | November 28, 2018     |
| 2. | **Expert discovery cut-off** | December 20, 2018    | February 20, 2019     |
| 3. | **Interim status report**    | October 22, 2018     | December 21, 2018     |
| 4. | **Expert disclosures**       | October 22, 2018     | December 21, 2018     |

|   | | Current Date | Proposed New Date |
|---|---|---|---|
| 5. | **Rebuttal expert designations** | November 21, 2018 | January 21, 2019 |
| 6. | **Dispositive motions** | February 18, 2019 | April 18, 2019 |
| 7. | **Pretrial order*** | March 20, 2019 | May 20, 2019 |

* In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after a decision of the dispositive motions.

### III. CONCLUSION

For the above-stated reasons, Plaintiff respectfully requests, and Defendants do not oppose, that this Court enter an Order granting this Stipulation to Amend the Discovery Plan and Scheduling Order using the new deadlines noted above.

Dated: August 6, 2018

/s/ Logan D. Smith
Logan D. Smith
*Attorneys for the Court-Appointed Monitor, Thomas W. McNamara*

/s/ Jarrod L. Rickard
Jarrod L. Rickard
*Attorneys for the Defendants Charles M. Hallinan and Hallinan Capital Corp.*

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: August 7, 2018

4