1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

11
12
13
14
15

THOMAS W. MCNAMARA,

     Plaintiff(s),

v.

CHARLES M. HALLINAN, et al.,

     Defendant(s).

Case No.: 2:17-cv-02966-GMN-NJK

**Order**

[Docket No. 68]

16        Pending before the Court is Plaintiff's motion to compel. Docket No. 68. Defendants filed
17 a response in opposition, and Plaintiff filed a reply. Docket Nos. 73, 74.

18        "Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v.*
19 *Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel should strive to be cooperative, practical
20 and sensible, and should seek judicial intervention "only in extraordinary situations that implicate
21 truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D.
22 Cal. 1985). The Federal Rules of Civil Procedure require that the party bringing a motion to
23 compel must "include a certification that the movant has in good faith conferred or attempted to
24 confer with the person or party failing to make disclosure or discovery in an effort to obtain it
25 without court action." Fed. R. Civ. P. 37(a)(1). The Local Rules further expound on this
26 requirement, providing that discovery motions will not be considered "unless the movant (1) has
27 made a good faith effort to meet and confer . . . before filing the motion, and (2) includes a

28

1

declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." Local Rule 26-7(c).

Judges in this District have held that these rules require that the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*. To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.[1] Courts may look beyond the certification made to determine whether a sufficient meet-and-confer actually took place. *See, e.g.*, *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015).

In the instant motion, Plaintiff indicates that a letter was sent regarding this discovery dispute on January 10, 2019, and that Defendants responded by letter on January 18, 2019. Docket No. 68 at 4; *see also* Docket No. 73 at 3 (Defendants' recitation of the meet-and-confer process, identifying these two letters and indicating that Plaintiff did not respond further).[2] The local rules explain that the meet-and-confer requirement

> may only be satisfied through direct dialogue and discussion in a face-to-face meeting, telephone conference, or video conference.

---

[1] These requirements are now largely codified in the Court's local rules. *See* Local Rule 26-7(c), Local Rule IA 1-3(f).

[2] Plaintiff's motion also indicates that thereafter some discovery was produced that altered the dispute in some fashion. *Id.*

The exchange of written, electronic, or voice-mail communications does not satisfy this requirement.

Local Rule IA 1-3(f). There has been no certification that counsel discussed their dispute in a face-to-face meeting, telephone conference, or video conference, and the identified written correspondence—standing alone—does not suffice to satisfy the meet-and-confer requirements.[3]

Accordingly, the motion to compel is hereby **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: February 25, 2019

_____
Nancy J. Koppe
United States Magistrate Judge

---

[3] It appears that there were several telephonic conferences conducted months ago with respect to the previously-filed motion to compel. *See, e.g.*, Docket No. 56-1 at ¶ 21. The circumstances have changed since that time and, indeed, the letters exchanged reference an intervening order from the Court. As such, an additional telephonic conference was required before filing the instant motion. *Cf. F.D.I.C. v. 26 Flamingo, LLC*, 2013 WL 2558219, at *2 (D. Nev. June 10, 2013) (finding meet-and-confer insufficient given changed circumstances).