# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

THOMAS W. MCNAMARA,

    Plaintiff(s),

v.

CHARLES M. HALLINAN, et al.,

    Defendant(s).

Case No.: 2:17-cv-02966-GMN-NJK

**Order**

[Docket No. 92]

Pending before the Court is Defendants' motion to withdraw admissions. Docket No. 92. The Court **SETS** a hearing on that motion for 1:00 p.m. on September 19, 2019.

In addition, defense counsel make a variety of factual representations in the motion that are not supported by declaration. For example, the motion represents that Mr. Hallinan's responses to the requests for admission were timely prepared. Mot. at 4. The motion also insinuates (but does not state) that counsel believed those responses had been served in a timely manner. *See id.*; *see also id.* at 1 ("Mr. Hallinan and HCC thought they had either timely responded or had an extension to respond").[1] The motion also represents that counsel believed an extension had been granted by opposing counsel for Hallinan Capital Corp.'s responses. *See id.* at 5. The Court hereby **ORDERS** defense counsel to file a proper declaration made in compliance with 28 U.S.C. § 1746 attesting

---

[1] As written, the motion refers to the actions and understanding of Mr. Hallinan and Hallinan Capital Corp. Given the context of this motion, the Court assumes that these were actually the actions and understanding of defense counsel.

1

in detail to the circumstances identified above. That declaration must state with particularity: (1) the date on which Mr. Hallinan's responses to the requests for admission were "prepared," (2) the date on which Mr. Hallinan's responses to the requests for admission were finalized for service, (3) the date on which Mr. Hallinan's responses to the requests for admission were first signed, (4) whether counsel believed Mr. Hallinan's responses had been served in a timely manner, (5) if so, the basis for counsel's belief that Mr. Hallinan's responses had been served in a timely manner, (6) whether counsel believed an extension had been granted for Hallinan Capital Corp.'s responses, and, (7) if so, the basis for counsel's belief that an extension had been granted for Hallinan Capital Corp.'s responses. This declaration must be filed by September 6, 2019.[2]

Lastly, the moving papers reference Mr. Hallinan's appeal in the Third Circuit. *See* Mot. at 4. In reviewing the Third Circuit docket, it appears that appeal has been taken under submission without a hearing. Once the panel renders a decision, a joint status report attaching that decision shall be filed within 7 days.

IT IS SO ORDERED.

Dated: August 23, 2019

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] Even where the two-part test has been satisfied to allow withdrawal of admissions, providing for such relief remains a discretionary decision for the Court that may include consideration of the reason for the delay. *Conlon v. United States*, 474 F.3d 616, 624-25 (9th Cir. 2007). In addition to being prepared to argue the two-part test itself, counsel shall be prepared at the hearing to argue whether the Court should exercise its discretion to allow withdrawal in the event the test has been satisfied.