# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

THOMAS W. MCNAMARA,

     Plaintiff(s),

v.

CHARLES M. HALLINAN, et al.,

     Defendant(s).

Case No.: 2:17-cv-02966-GMN-NJK

**Order**

[Docket No. 136]

On December 11, 2019, United States District Judge Gloria M. Navarro referred this case to the undersigned for a settlement conference. On December 12, 2019, the undersigned issued an order setting the settlement conference for February 19, 2020, and further identifying the attendance requirements for that settlement conference. Docket No. 135.

Now pending before the Court is Defendants' motion to vacate the settlement conference or, in the alternative, for an exception to attendance requirements. Docket No. 136. Plaintiff filed a response in opposition. Docket No. 137. Defendants filed a reply. Docket No. 138. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

The basic gist of Defendants' motion is that they believe a settlement conference will likely be futile and they seek to avoid the cost of travel for lead counsel to attend. *See* Mot. at 2. The motion is not well-developed, is not supported by citation to legal authority, and is not supported by a declaration. Plaintiff opposes the motion, arguing that there is no justification to exempt Defendants from good faith participation in a settlement conference attended by lead counsel and

that lead counsel's litigation expenditures to date bely any intimation that it would be an undue burden to travel for the settlement conference. Resp. at 2.

"The court may set any appropriate civil case for settlement conference." Local Rule 16-5. The Court has broad discretion in deciding to hold a settlement conference, as well as in formulating the attendance and other requirements for that settlement conference. *See, e.g.*, *United States v. U.S. Dist. Ct. for N. Mariana Islands*, 694 F.3d 1051, 1057 (9th Cir. 2012).

The circumstances presented here do not warrant vacating the settlement conference and, instead, suggest that a modification of attendance requirements is more appropriate. Given that lead counsel has traveled to this courthouse for hearings without requesting a telephonic appearance, *see, e.g.*, Docket No. 119, the Court fails to discern why he cannot do so for a proceeding as critical as a settlement conference. Moreover, personal attendance at settlement conferences is of particular importance to the potential success of the proceeding. Nonetheless, the Court will allow the settlement conference to be attended by only one lead counsel (Adam Petitt) along with local counsel; lead counsel Andrew Stutzman is excused from personally attending the settlement conference, though he must be available by phone for the duration of the settlement conference.

For the first time in reply, Defendants argue that Mr. Hallinan's attendance by phone from prison "may present burdens." Reply at 2. That is not grounds to vacate the settlement conference or excuse his attendance.[1] The Court routinely holds settlement conferences with prisoners appearing remotely without incident and the Court discerns no significant burdens in doing so. At any rate, this issue was raised for the first time in reply and, therefore, was waived. *Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996).

---

[1] The Court also rejects the insinuation (Reply at 2) that Mr. Hallinan only be required to be available, rather than actually be on the phone for the entirety of the settlement conference. *See, e.g.*, *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 597 (8th Cir. 2001) (quoting district court order).

Accordingly, the pending motion is **GRANTED** in part and **DENIED** in part consistent with the above.

IT IS SO ORDERED.

Dated: January 9, 2020

_____
Nancy J. Koppe
United States Magistrate Judge