UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS W. MCNAMARA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:17-cv-02966-GMN-NJK |
| vs. ) | |
| ) | **ORDER** |
| CHARLES M. HALLINAN, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is the Motion to Stay, (ECF No. 144), filed by Defendants Charles M. Hallinan ("Hallinan") and Hallinan Capital Corp. ("HCC") (collectively, "Defendants"). In support of a stay, Defendants filed a Notice of Supplemental Authority on July 14, 2020, (ECF No. 151), explaining that the United States Supreme Court granted certiorari on the Court's decision in *AMG Capital Management, LLC v. Federal Trade Commission*—the base decision from this Court of 2:12-cv-00536-GMN-VCF, which authorized Plaintiff Thomas W. McNamara's appointment as Monitor to assist the Federal Trade Commission ("FTC") and gave the Monitor authority to bring this case. The Monitor filed an opposition to Defendants' Motion to Stay and an opposition to Defendant's Notice of Supplemental Authority. (Resp., ECF Nos. 149, 153).

When determining whether a stay is appropriate pending the resolution of another case, the district court must weigh: (1) the possible damage that may result from a stay, (2) any "hardship or inequity" that a party may suffer if required to go forward, (3) "and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law" that a stay will engender. *Ocwen Loan Servicing, LLC v. SFR Investments Pool I, LLC*, No. 2:17-cv-00279-JAD-GWF, 2017 WL 5068520, at *2 (D. Nev. Apr. 11, 2017)

(citing *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)).  The party seeking a stay bears the burden of showing entitlement to it. *Latta v. Otter*, 771 F.3d 496, 498 (9th Cir. 2014).

After considering the applicable factors and the potential impact of the United States Supreme Court's decision in *AMG Capital Management, LLC v. Federal Trade Commission* on this matter, the Court grants Defendants' Motion to stay this case.  The Monitor argues that a stay is inappropriate because discovery has concluded and all that remains is the Court's resolution of the parties' ripe, pending Motions for Summary Judgment.  But that fact lends support for a stay, not against, because the Monitor does not need to obtain additional evidence to prosecute this matter; all that remains is waiting for the Court's decision.  Additionally, the central issue in the grant of certiorari for *AMG Capital Management, LLC v. Federal Trade Commission* is the FTC's power to recover monetary relief—resolution of which could directly affect the Monitor's scope of authority even if the Supreme Court affirms this Court's decision in 2:12-cv-00536-GMN-VCF.  Waiting for the Supreme Court before continuing with this case thus prevents rulings on the merits that might later be undermined.  Last, the Monitor has neither argued nor presented support for a likelihood of prejudice with its ability to recover a judgment if this case were delayed pending the Supreme Court's forthcoming decision.  Accordingly, though the Court has rejected Defendants' previous attempts to stay this case during appeals, the unique circumstances of certiorari now make a stay appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Stay, (ECF No. 144), is **GRANTED**.  The Court stays this case pending the United States Supreme Court's decision in *AMG Capital Management, LLC v. Federal Trade Commission*, No. 19-508.  The Monitor and Defendants shall jointly file a status report every three months beginning on November 2, 2020, addressing the status of *AMG Capital Management, LLC v. Federal Trade Commission*, No.

19-508.  Upon the United States Supreme Court's decision, the parties shall jointly petition the Court to lift the stay.  With regard to motions currently pending before the Court in this matter, the Court will address them once the stay is lifted.  Pending motions need not be refiled.  The Monitor can petition the Court for relief from the stay if there is evidentiary support showing conduct by Defendants that may harm the ability to recover a judgment in this matter.

**DATED** this \_\_11\_\_ day of August, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court